EDGAR VELASQUEZ, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 348, 2009.
Supreme Court of Delaware.
Submitted: September 30, 2009.
Decided: October 13, 2009.
Before STEELE, JACOBS and RIDGELY, Justices.

ORDER
Jack B. Jacobs, Justice
This 13th day of October 2009, upon consideration of the briefs of the parties and the Superior Court record, it appears to the Court that:
(1) The appellant, Edgar Velasquez, filed an appeal from the Superior Court's May 19, 2009 denial of his postconviction relief pursuant to Superior Court Rule 61.
(2) On September 18, 2009, Velasquez entered a nolo contendere plea to one count of Rape in the Second Degree, and the Superior Court sentenced Velasquez to twenty-five years at Level V incarceration suspended after ten years for fifteen years at Level III. The sentencing order stated that the first ten years of that sentence represented a mandatory term of incarceration pursuant to 11 Del. C. § 772.
(3) On May 6, 2009, Velasquez moved for postconviction relief, alleging that he was not properly advised of the nature of the minimum mandatory sentence. Velasquez relies on his answers to a Truth in Sentencing form in Spanish, in which he answered negatively the question: "¿Existe pena minima obligatoria?"[1] Accordingly, he also did not answer the next question: "De ser éste el caso, ¿Cúal es?"[2]
(4) On May 19, 2009, in response to Velasquez's Rule 61 motion, the Superior Court informed Velasquez's counsel that Velasquez's sentencing order has been corrected to remove the "minimum mandatory" language and that, consequently, the motion was being denied as moot. This appeal followed.
(5) The Superior Court's correction of the sentencing order did not resolve the issue raised by Velasquez in his motion, viz., whether or not he knew, when entering the plea of nolo contendere, that a minimum sentence must be imposed. Therefore, we remand the matter to the Superior Court, to determine whether, in fact, Velasquez knew that. If Velasquez did not enter the plea with knowledge of the minimum sentence, his plea should be vacated. If he knew of the minimum sentence, however, the omission in the Truth in Sentencing form he filled out would be immaterial, and the motion for postconviction relief should be denied. Velasquez may elect to file a new appeal to this Court from any such denial.
NOW, THEREFORE, IT IS ORDERED that the matter be REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.
NOTES
[1] Is there a mandatory minimum sentence?
[2] [If] [t]his be the case, what is [it]?